IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

TALAL MEKKI, as Personal
Representative of THE ESTATE
OF AMEER BUKHARI,

and

LINA TALAL AL TAIB MEKKI,
Individually and as next friend to
TALA BUKHARI, a minor child,
MOHAMED BUKHARI, a minor
child, and AMEER BUKHARI JR.,
a minor child,

    Plaintiffs,

vs.

ST. LUCIE PETROLEUM CO.,

and

THE ESTATE OF ROGER BOROMEI,

and

THE UNITED STATES OF AMERICA

    Defendants.
_____/

CASE NUMBER:

JUDGE:

02-14116

CIV-ROETTGER

MAGISTRATE JUDGE
SELTZER

NIGHT BOX
FILED

APR -8 2002

## COMPLAINT

NOW COME the Plaintiffs Talal Mekki, as Personal Representative for The Estate of Ameer Bukhari, and Lina Talal Al Taib Mekki, Individually and as next friend to her minor children, Tala Bukhari, Mohamed Bukhari, and Ameer Bukhari Jr., by and through their counsel, R. Jack Clapp and Associates, Co. LPA, and Montero Finizio &

Velasquez and for their complaint allege and aver as follows:

## PARTIES

1. At all times mentioned herein, Decedent Ameer Bukhari was a citizen and resident of Saudi Arabia, in the city of Jeddah.

2. At all times mentioned herein, Decedent Roger Boromei was a resident and citizen of the State of Ohio, and on information and belief, was employed by Airborne Express.

3. At all times mentioned herein, Plaintiff Lina Talal Al Taib Mekki was married to Ameer Bukhari until the time of his death, and was and is the mother of Ameer's three minor children, Plaintiffs Tala Bukhari, Mohamed Bukhari, and Ameer Bukhari, Jr.

4. At all times mentioned herein, Defendant St. Lucie Petroleum was and is a corporation incorporated and licensed to conduct business in the State of Florida.

5. At all times mentioned herein, Defendant Federal Aviation Administration was and is a branch of the United States Department of Transportation, and was responsible for the proper management and control of the Fort Peirce Control Tower, at St. Lucie County International Airport. At all times relevant, the Flight Control Tower was operated by the FAA from 7:00 am to 9:00 pm daily.

6. Plaintiff Talal Mekki was duly and properly authorized to act as the Administrator of the Estate of Ameer Bukhari on or around January 24, 2001, by the Ministry of Justice of Saudi Arabia.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332(2), jurisdiction is founded on diversity of

citizenship in that this action is between a citizen of a foreign nation, Saudi Arabia, and Defendants from two different states, Florida and Ohio, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1346(b)(1), the Court also has original jurisdiction over civil actions on claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

### Background

9. On September 11, 2000, Decedent Ameer Bukhari ("Bukhari") was legally and properly operating a Piper Cherokee aircraft, registration number N92089 (the "Bukhari aircraft"), which was owned by Flight Safety International, Inc. Bukhari departed from Vero Beach, Florida, at approximately 12:20pm eastern standard time.

10. Also on that date, September 11, 2000, Decedent Roger Boromei (Boromei) was operating a Piper Aztec aircraft, registration number N54235, owned by Defendant St. Lucie Petroleum (the "St. Lucie aircraft). Boromei had departed from Okeechobee, Florida at approximately 12:30pm.

11. At approximately 12:27, Bukhari radioed the flight control tower at Ft. Pierce ("the tower"), which handles all air traffic control for St. Lucie County International Airport ("the airport").

12. At all times relevant that tower was and is operated and controlled by the Defendant Federal Aviation Administration ("FAA"). Bukhari indicated that was at that time 7 miles from the airport and inbound for landing. At that time Bukhari was instructed by the

tower to circle around for landing at runway 09.

13. At approximately 12:35, Bukhari was cleared for landing by the tower at runway 09.

14. At approximately 12:40, after Bukhari had landed, and was reentering the traffic pattern, Bukhari was instructed by the tower to execute a 360 degree right turn, for spacing.

15. At approximately 12:42, Boromei radioed the tower and indicated that he was approximately 10 miles from the airport, and approaching for landing.

16. At approximately 12:45, Boromei was instructed by the tower to approach runway 09, and follow the Bukhari in landing on runway 09.

17. At approximately 12:46, Boromei indicated to the tower that he could not see the Bukhari. A few seconds later the tower asked if Bukhari was in sight of Boromei, and Boromei indicated that he still could not see Bukhari at runway 09. The tower then instructed Boromei to "fly over" runway 09.

18. At approximately 12:47 Boromei's plane crashed into Bukhari's plane, destroying both planes, and killing both men.

19. At approximately 12:44, approximately three (3) minutes before the accident, the FAA air traffic controllers changed shifts.

20. At all times mentioned, the tower was not equipped with Terminal Radar Display ("TRD").

21. Pursuant to Fla. Stat. Ann. §§46.021, and 768.16 *et seq.*, ("Wrongful Death Act") Plaintiff Talal Mekki brings this claim as the Administrator of the Estate of Ameer

Bukhari, for the injuries and damages sustained by Decedent prior to his death, for the benefit of the Estate and all damages allowed thereunder.

22. Pursuant to Fla. Stat. Ann. §§46.021, and 768.16 *et seq.*, ("Wrongful Death Act") Plaintiff Lina Talal al Taib Mekki now brings this claim individually, and on behalf of her minor children, Tala Bukhari, Mohamed Bukhari, and Ameer Bukhari, Jr. and for all damages allowed thereunder.

## COUNT ONE
## NEGLIGENCE AS TO DECEDENT ROGER BOROMEI

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

23. At the time of the crash, on September 11, 2000, at approximately 12:47 p.m. eastern standard time, Boromei, so negligently, carelessly, and recklessly operated the aircraft that it crashed into Bukhari's aircraft.

24. Boromei, was careless, negligent, and reckless in operating the aforementioned aircraft for reasons including, but not limited to:

    a) failing to visually confirm the location of Bukhari's aircraft, after being notified by the tower that it was close by, and/or

    b) after failing to visually confirm Bukhari's location, not pulling out of the landing area and circling back; and/or

    c) otherwise failing to see and avoid the Bukhari aircraft.

25. As a direct and proximate result of the actions set forth above, Ameer Bukhari suffered catastrophic injury, physical pain and suffering, fear of his impending death and ultimately died as the result of Defendants' negligence.

## COUNT TWO
## NEGLIGENCE AS TO DEFENDANT ST. LUCIE PETROLEUM

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

26. At all times relevant Defendant St. Lucie Petroleum Co. was the registered owner of aircraft N5235.

27. At the time of the crash Defendant St. Lucie Petroleum Co. had voluntarily relinquished control over the aircraft to Roger Boromei despite actual knowledge that Roger Boromei was not qualified to fly the aircraft.

28. Defendant St. Lucie Petroleum acted negligently, carelessly and recklessly in allowing Boromei to fly the plane.

29. Defendant St. Lucie Petroleum is otherwise vicariously liable in allowing Roger Boromei to fly its aircraft.

30. As a direct and proximate result of the actions set forth above, Ameer Bukhari suffered catastrophic injury, physical pain and suffering, fear of his impending death and ultimately died as the result of Defendants' negligence.

## COUNT THREE
## NEGLIGENCE AS TO DEFENDANT UNITED STATES OF AMERICA

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

31. At all times mentioned herein, all airplanes landing at, and taking off from St. Lucie County International Airport received air traffic control guidance from the Ft. Pierce

air traffic control tower ("the tower").

32.    At all times mentioned herein, the Federal Aviation Administration ("FAA") was operating the tower from 7:00 am to 9:00 pm daily.

33.    At all times mentioned herein, the FAA is a branch of the United States Department of Transportation, which was created by, and is still under the exclusive control of the United States government.

34.    Therefore, at all times mentioned herein, the air traffic controllers in the Ft. Pierce control tower, providing air traffic control for St. Lucie County International Airport were employees of the United States government, and were acting within the scope of their office or employment at the time of the crash.

35.    The air traffic controllers on duty at the time of the crash did negligently cause the crash for reasons including, but not limited to:

1. failure to created adequate sequencing between the two aircraft so as to avoid a midair collision between them;

2. failure to instruct the St. Lucie aircraft that it was flying faster than the Boromei aircraft, and that it should adjust its speed so as to avoid a midair collision between the two aircraft;

3. failure to advise the St. Lucie aircraft that it should abort its landing on runway 9 when the tower learned that Boromei was unable to visually confirm the location of the Bukhari aircraft;

4. failure of the controller who was being relieved just minutes before the accident, but after bot aircraft were in the traffic pattern, to

adequately inform the controller relieving him of the traffic pattern so as to avoid he two aircraft from being involved in a midair collision.

36. In addition the management of the Department of Transportation located in Washington, DC negligently cause the crash for reasons including, but not limited to:

1. Despite actual knowledge that the Fort Peirce Control Tower lacked radar, they failed to adequately train controllers in order to avoid mid-air collisions;

2. Failure to encourage a heightened awareness of the traffic pattern and the aircraft within it, in light of the fact that no TRD system was available;

3. Failure to provide a TRD or other radar system to assist controllers.

37. As a direct and proximate result of the actions set forth above, Ameer Bukhari suffered catastrophic injury, physical pain and suffering, fear of his impending death and ultimately died as the result of Defendants' negligence.

## COUNT FOUR
## LOSS OF CONSORTIUM - WIFE

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

38. At all times herein mentioned Plaintiff, Lina Talal Al Taib Mekki, was and now is a resident and citizen of Saudi Arabia in the city of Jeddah.

39. As a direct and proximate result of the negligence of the aforementioned Defendants, as alleged above, incorporated herein by reference, Plaintiff Lina Talal Al Taib Mekki has suffered, and continues to suffer, mental pain and suffering, as well as the loss of support, services, companionship and protection of her husband, Ameer Bukhari.

## COUNT FIVE
## LOSS OF CONSORTIUM - DAUGHTER

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

40.     At all times herein mentioned Plaintiff Tala Bukhari, was and now is a resident of Saudi Arabia in the city of Jeddah.

41.     As a direct and proximate result of the negligence of Defendants, as alleged above, incorporated herein by reference, Plaintiff Tala Bukhari has suffered, and continues to suffer mental pain and suffering, as well as the loss of support and services of her father, Ameer Bukhari.

## COUNT SIX
## LOSS OF CONSORTIUM - SON

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

42.     At all times herein mentioned Plaintiff Mohamed Bukhari was and now is a resident of Saudi Arabia in the city of Jeddah.

43.     As a direct and proximate result of the negligence of Defendants, as alleged above, incorporated herein by reference, Plaintiff Mohamed Bukhari has suffered, and continues to suffer mental pain and suffering, as well as the loss of support and services of her father, Ameer Bukhari.

## COUNT SEVEN
## LOSS OF CONSORTIUM - SON

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them

by this reference as if fully rewritten herein.

44. At all times herein mentioned Plaintiff Ameer Bukhari Jr. was and now is a resident of Saudi Arabia in the city of Jeddah.

45. As a direct and proximate result of the negligence of Defendants, as alleged above, incorporated herein by reference, Plaintiff Ameer Bukhari Jr. has suffered, and continues to suffer mental pain and suffering, as well as the loss of support and services of her father, Ameer Bukhari.

## COUNT EIGHT
## SURVIVAL ACTION

Plaintiffs hereby reallege and reaver the foregoing allegations and incorporates them by this reference as if fully rewritten herein.

46. Prior to his death, and due to the aforementioned negligence of the above-named Defendants, Ameer Bukhari's plane was struck in midair by the St. Lucie aircraft.

47. The severity of the impact of the St. Lucie aircraft into the Bukhari impact was such that the Bukhari aircraft could not be kept aloft.

48. As a direct and proximate result of the aforementioned negligence of the above-named Defendants, Decedent Ameer Bukhari suffered personal and pecuniary damages, including conscious pain and suffering, psychological trauma, and anticipation of his death, prior to his death, and had he survived, he would have been entitled to bring an action for such damages as though said action has survived him.

49. In addition the Estate has suffered loss of net accumulations that would not have occurred but for the loss of Ameer Bukhari's life.

WHEREFORE, Plaintiffs pray for judgment against Defendants St. Lucie Petroleum Co., the Estate of Roger Boromei, and the United States of America, in the amount of fifteen million dollars ($15,000,000.00) in compensatory damages, plus prejudgment interest, and the cost of this action.

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS ACTION**

Respectfully submitted,
R. JACK CLAPP & ASSOCIATES

_____
DOUGLAS DESJARDINS
444 N. Capitol St., N.W.
Hall of the States Building, Suite 828
Washington, DC 20001
(202) 638-5300
(202) 393-1725 (fax)
dpd@rjackclapp.com

and

MONTERO FINIZIO & VELASQUEZ

_____
CARLOS A. VELASQUEZ
FL. Bar No. 755982
200 SE 9th St.
Fort Lauderdale, FL 33316-1020
(954) 767-6500
(954) 766-2690 (fax)
Cvelasquez@monterofinizio.com

# CIVIL COVER SHEET  '02-14116

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TALAL MEKKI
LINA TALAL AL TAIB MEKKI, ET AL.

## DEFENDANTS
ST. LUCIE PETROLEUM CO.
THE ESTATE OF ROGER BOROMEI
THE UNITED STATES OF AMERICA

CIV-ROETTGER
MAGISTRATE JUDGE
SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: JEDDAH, SAUDI ARABIA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: St. Lucie
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Ft Pierce 2:02cv 14116 NCV/BSS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DOUG P. DESJARDINS      CARLOS A. VELASQUEZ
444 N. CAPITOL ST., NW    200 S.E. 9TH STREET
#828, WASHINGTON, D.C. 20001  FT. LAUD., FL 33316
202-538-5300    954-767-6500

ATTORNEYS (IF KNOWN)
Unknown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, (ST. LUCIE), INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

NIGHT BOX FILED
APR -

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☒ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332(2) and 28 U.S.C. Section 1346(6)
Wrongful death action resulting from an airplane crash.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 15,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY  NONE   JUDGE _____  DOCKET NUMBER _____

DATE
APRIL 8, 2002

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 324917  AMOUNT 150  APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

APR - 9 2002